[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12586

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FOSTER D. JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cr-00080-TKW-1

_____

Before LAGOA, TJOFLAT, and WILSON, Circuit Judges.

PER CURIAM:

Foster Johnson appeals his conviction and sentence for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and for possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). After careful review, we affirm.

## I.

Johnson argues that the District Court committed procedural error by relying on allegations of domestic violence in his presentence investigation report (PSI). But Johnson never objected to those facts in the District Court. To the contrary, when asked directly by the Court, he confirmed that he had no objections to the PSI. Nor did he object to the District Court's adoption of the PSI or to its reliance on the challenged material after sentencing. Because Johnson raises this claim for the first time on appeal, we review only for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (citing *United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1993)).

We find no plain error. A sentencing court may rely on undisputed portions of the PSI, even if they are uncorroborated, if the defendant does not object to them "with specificity and clarity." *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009). The District Court followed the proper procedure: it solicited objections, resolved the Government's objections in favor of Johnson, and

adopted the PSI without any objection from him. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). Because Johnson did not dispute the material below, the Court was entitled to rely on it. He has not shown plain error. *See Beckles*, 565 F.3d at 844.

**II.**

We also reject Johnson's argument that his sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances and the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc).

The record reflects that the District Court made an individualized assessment based on Johnson's offense conduct and criminal history. It reasonably gave weight to Johnson's 25-year criminal record, his admitted 19-year history of drug trafficking, and the circumstances of this offense, which involved firearms and children. It also acknowledged Johnson's mitigating arguments, including his health conditions, learning challenges, family support, and work history.

The 96-month sentence imposed was within the correctly calculated Guidelines range of 77 to 96 months and well below the statutory maximum of 20 years. *See United States v. Castaneda*, 997 F.3d 1318, 1332 (11th Cir. 2021). The District Court acted within its discretion in determining that a top-of-the-Guidelines sentence was warranted. Johnson has not shown that the District Court failed to consider a relevant factor, gave undue weight to an improper one,

or made a clear error of judgment. *See Irey*, 612 F.3d at 1189. His sentence was substantively reasonable.

## III.

Finally, Johnson argues that § 922(g)(1), as applied to him based on his non-violent felony conviction, violates the Second Amendment. Johnson's argument, however, is foreclosed by our precedent. In *United States v. Dubois*, we rejected the same challenge. 2025 WL 1553843, at *2–5 (11th Cir. June 2, 2025). We remain bound by *Dubois* "unless and until [its] holding is overruled by the Court sitting en banc or by the Supreme Court." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

## IV.

For these reasons, we affirm Johnson's conviction and sentence.

**AFFIRMED.**